UNITED STATES DISTRICT COURT
DISTRICT OF RHODE ISLAND

PEERLESS INSURANCE COMPANY and JOSEPH JOYAL

v. C.A. No. 12-906ML

PHILADELPHIA INSURANCE COMPANY, MANVILLE SPORTSMEN'S ROD & GUN CLUB and MARCEL DESMET

**MEMORANDUM AND ORDER**

Pending before me for determination[1] (28 U.S.C. § 636(b)(1)(A); LR Cv 72(a)) is Plaintiffs' Motion to Remand this action to the Rhode Island Superior Court pursuant to 28 U.S.C. § 1447(c). (Document No. 12). Defendant Philadelphia Insurance Company ("Philadelphia") filed an Objection to the Motion. (Document No. 17). A hearing was held on February 26, 2013. For the reasons stated below, Plaintiffs' Motion to Remand (Document No. 12) is GRANTED.

**Background**

This case arises out of an insurance coverage dispute stemming from an injury sustained by Michael DeRita at the Manville Sportsmen's Rod & Gun Club (the "Club"). (Document No. 1-2 at ¶ 19). The Club is a gun club whose purpose is to, "stimulate and encourage good-fellowship among and to advance the interests of hunters...throughout the State of Rhode Island." Id. ¶ 13. Mr. DeRita and Joseph Joyal, both Club members, were participating in organized trap shooting at the

---

[1] A Motion for Remand is a nondispositive matter and may be finally determined by a Magistrate Judge under 28 U.S.C. § 636(b)(1)(A). See Blue Cross & Blue Shield v. Korsen, 746 F. Supp. 2d 375, 379 (D.R.I. 2010); and Delta Dental v. Blue Cross & Blue Shield, 942 F. Supp. 740, 746 (D.R.I. 1996). See also Hopkins v. Buffalo Pumps, Inc., C.A. No. 09-181S, 2009 WL 4496053 at *2 (D.R.I. Dec. 1, 2009) (noting that the First Circuit has declined to address the issue of whether a motion to remand is dispositive or nondispositive within Rule 72 context).

Club's outdoor trap shooting range on May 15, 2011 when Mr. DeRita alleges he was injured due to Mr. Joyal's negligence. Id. ¶¶ 16, 18, 19. Mr. DeRita specifically claims that a metal object exited Mr. Joyal's shotgun and struck Mr. DeRita in the head causing injuries. Id. Mr. DeRita and his wife, Susan DeRita, commenced a lawsuit in Rhode Island Superior Court against Mr. Joyal which is currently pending in that Court, DeRita v. Joyal, No. PC2011-6930. Id. ¶ 20. In the underlying state court litigation, Peerless is defending Mr. Joyal under his homeowners' insurance policy. Id. ¶ 21. The homeowners' insurance policy issued by Peerless to Mr. Joyal contains a provision which identifies the coverage as excess insurance under certain circumstances. Id. ¶ 26.

In October 2012, Mr. and Mrs. DeRita filed an Amended Complaint in the underlying state court litigation alleging negligence on the part of both Mr. Joyal and Marcel Desmet[2] and identifying them as Club members at the time of the accident. Id. ¶ 27. Thereafter, Peerless made a demand for defense and indemnification on behalf of Mr. Joyal under a liability insurance policy issued by Philadelphia to the Club which provides that Club members are additional insureds under the policy. Id. ¶ 23. Philadelphia refused to defend or indemnify Mr. Joyal in the underlying litigation as an additional insured under its policy issued to the Club. Id. ¶ 29.

Plaintiffs Peerless and Mr. Joyal filed the present two-count Complaint in Rhode Island Superior Court against Philadelphia, the Club and Mr. Desmet. The first Count seeks a Declaration that Mr. Joyal is entitled to defense and indemnity from Philadelphia in the underlying DeRita litigation, and the second Count seeks a Declaration that the Philadelphia policy, and not the Peerless policy, is the primary insurance on the DeRita claim. (Document No. 1-2 at p. 6).

[2] At the hearing on this Motion, it was noted that Mr. Desmet's homeowners' insurance is also defending him in the underlying state court litigation.

Philadelphia removed the action to this Court on December 10, 2012. (Document No. 1). The Club consented to the removal while Mr. Desmet did not. Id. ¶¶ 10, 12.

In its Notice of Removal, Philadelphia alleges, inter alia, that the Club and Mr. Desmet were fraudulently joined in this action by Peerless to defeat diversity jurisdiction. (Document No. 1 at pp. 3-7). Plaintiffs' Motion to Remand counters that there was no fraudulent joinder and that Plaintiffs were required to name the Club and Mr. Desmet as Defendants pursuant to the Rhode Island Declaratory Judgment Act, R.I. Gen. Laws § 9-30-11, because they each may claim an interest in the subject matter as additional insureds under the Philadelphia policy and as co-Defendants in the DeRita case. (Document No. 12).

**Discussion**

This action was commenced by Mr. Joyal, a resident of Cumberland, Rhode Island and Peerless, a foreign corporation with its principal place of business in Keane, New Hampshire. (Document No. 1-2 at ¶¶ 1-2). Defendants are Philadelphia, a foreign corporation with its principal place of business in Bala Cynwyd, Pennsylvania; the Club, a domestic non-profit corporation with its principal place of business in Manville, Rhode Island; and Mr. Desmet, a resident of Woonsocket, Rhode Island. Id. ¶¶ 3-5. Thus, the initial Complaint was not removable on its face since it included a Rhode Island resident as a named Plaintiff and two Rhode Island residents as named Defendants. See 28 U.S.C. § 1441(b); see also Jenner v. CVS Pharmacy, 10-cv-497-JL, 2011 WL 1085981 (D.R.I. March 22, 2011) (diversity jurisdiction requires complete diversity of citizenship as between all plaintiffs and defendants.)

Philadelphia seeks to invoke the doctrine of fraudulent joinder to overcome the undisputed lack of diversity between the named parties. Philadelphia is not, however, alleging fraud or

misrepresentation in the recitation of Plaintiffs' jurisdictional facts. (Document No. 18 at p. 3). See Antonucci v. Cherry Hill Manor, No. 06-108ML, 2006 WL 2456488 at *2 (D.R.I. August 22, 2006) ("[f]raudulent joinder describes any improper joinder, so a defendant need not prove that the plaintiff intended to mislead or deceive in order to sustain its burden."). Therefore, in order to prevail on its claim of fraudulent joinder, Philadelphia must "prove to a legal certainty that, at the time of filing the complaint, no one familiar with the applicable law could reasonably have thought, based on the facts that the pleader knew or should have known at the time, that a cause of action against the resident defendant could ultimately be proven." In re Maine Asbestos Cases, 44 F. Supp. 2d 368, 372 (D. Me. 1999). In addition, Philadelphia, as the removing party, bears the burden of proving fraudulent joinder and the existence of diversity subject matter jurisdiction. Lawrence Builders, Inc. v. Kolodner, 414 F. Supp. 2d 134, 137 (D.R.I. 2006). In support of its position, Philadelphia contends that the "[c]ourt's declaration that coverage is or is not extended to Joyal as an additional insured in no way affects the interests or claims of [the Club] or Desmet." (Document No. 18 at p. 5). In short, Philadelphia contends that the dispute in this case focuses narrowly on whether Mr. Joyal is an insured under its policy, as well as whether the Philadelphia policy is primary to Mr. Joyal's Peerless policy, and that such dispute does not require the inclusion of the resident Defendants. This narrow view of the case, however, neglects to consider the broad implications that a declaration of the nature requested would have on the parties involved in the underlying DeRita litigation.

Plaintiffs have presented several reasons why the Rhode Island Declaratory Judgment Act required the inclusion of the Club and Mr. Desmet in this action. Plaintiffs note, for example, that the Rhode Island Declaratory Judgment Act, R.I. Gen. Laws § 9-30-11, requires that the Club and

Mr. Desmet be named in the case because they are parties whose interests may be affected by the Court's declaration as to the policy. Section 9-30-11 provides that "[w]hen declaratory relief is sought, all persons shall be made parties who have or claim any interest which would be affected by the declaration...." R.I. Gen. Laws § 9-30-11. (emphasis added). Plaintiffs further contend that there is a "finite amount of coverage available under the Philadelphia policy" at issue and that if they are successful in arguing that Mr. Joyal is an insured under the Philadelphia policy and that it is primary to his homeowners' policy, then "it will reduce, or potentially exhaust the amount of coverage available to" the Club and its members, including Mr. Desmet. (Document No. 13 at pp. 10-11). Finally, Plaintiffs note that § 9-30-11 states that "no declaration shall prejudice the rights of persons not parties to the proceeding." Thus, Plaintiffs point out that if the Club and Mr. Desmet were not named as Defendants, "they could conceivably contend that they were not bound by the declaratory judgment reducing the coverage available under the policy because they were not parties to [this Action]." (Document No. 13 at p. 11).

Plaintiffs additionally rely upon a federal case out of the Eastern District of Missouri, PW Shoe Lofts, LP v. State Auto Prop. & Cas. Ins. Co., No. 4:10CV02241 AGF, 2011 WL 2295068 (E.D. Mo. June 7, 2011), which they contend is on point and persuasive. In PW Shoe, the Court considered whether an additional insured under an insurance policy was fraudulently joined as a defendant in an action by the named insured to declare the parties' rights and interests under insurance policies issued by several defendant insurance companies. The Court noted that "[i]f there is no reasonable basis in fact or colorable ground supporting the claim against the resident defendant,...joinder is fraudulent and removal is proper." Id. at *2. The plaintiff in PW Shoe relied on provisions of the Missouri Declaratory Judgment Act, which mirrors the Rhode Island Act, in

support of its contention that the additional named insured was a "party of interest" to the dispute and thus a properly named defendant. The Court remanded the PW Shoe case to state court because it found that the additional named insured had an "interest which would be affected" by the coverage declaration as defined by the Missouri Declaratory Judgment Act. Plaintiffs argue that the similarity in the language of the Rhode Island and Missouri Declaratory Judgment Acts, as well as the facts underlying the two cases, support this Court's remand of the present case. Philadelphia, on the other hand, claims that PW Shoe is distinguishable and falls back on its argument that the Club and Desmet are not parties that are necessary to a determination of coverage under the applicable policy. I disagree with Philadelphia and find the PW Shoe case to be both on point and persuasive.

After considering the arguments of the parties, I find that Philadelphia has not carried its burden of establishing fraudulent joinder and conclude that this case should be remanded to Superior Court due to the absence of complete diversity. The Club and Mr. Desmet, both as co-Defendants with Mr. Joyal in the DeRita negligence lawsuit and as claimed insureds under the Philadelphia policy, certainly have an interest which would be affected by a declaration of Philadelphia's coverage obligation both as to its insureds (named and additional) and vis-a-vis other insurers on the risk. In sum, if Plaintiffs did not name the Club and Mr. Desmet as parties and this Court issued a declaration as to whether or not Mr. Joyal was an insured under the Philadelphia policy, the Club and Mr. Desmet could legitimately assert that they are not bound by the Court's declaratory ruling pursuant to the Rhode Island Declaratory Judgment Act. Further, under the plain language of the Act, as well as the reasoning set forth in PW Shoe, these Defendants are plainly "interested" parties. Because Mr. Desmet and the Club, the resident Defendants, are appropriate parties to the case, there

is not complete diversity of citizenship between all plaintiffs and all defendants, and this Court lacks subject matter jurisdiction over the case pursuant to 28 U.S.C. § 1332. Thus remand is required.

Philadelphia has made an alternative argument to support diversity jurisdiction requesting that the Court realign the parties, making the Club and Mr. Desmet plaintiffs in this case instead of defendants. Philadelphia claims that realignment is justified because its position is adverse to both the Club and Mr. Desmet since it contends there is "no coverage for any party in connection with the [underlying state court] action." (Document No. 18 at p. 6). I reject this argument. This two-count declaratory judgment action concerns Peerless and Mr. Joyal's contention that Mr. Joyal is an additional insured entitled to coverage under the Philadelphia policy for the DeRita claim and that the Philadelphia policy is primary to the Peerless policy on this claim. Philadelphia has not provided any persuasive authority for its position that realignment of the parties is required in this case. Additionally, there is no alignment or realignment of the parties that makes sense under these circumstances. There are two insurance companies involved in this case, Mr. Desmet is seeking coverage under his own homeowners' insurance policy, and Mr. DeRita has a pending motion to intervene in this case as an interested party. Philadelphia has not identified any reasonable and practical way to align the parties in this case that would vest this Court with subject matter jurisdiction. Further, I have already found that Philadelphia fell short of meeting its burden in proving fraudulent joinder of the two Rhode Island defendants, and Philadelphia has provided no legal authority for the proposition that Peerless and Mr. Joyal were obligated to name the Club and Mr. Desmet as co-Plaintiffs under these circumstances pursuant to R.I. Gen. Laws § 9-30-11. Thus, I find no jurisdictional basis for this insurance coverage dispute to remain in Federal Court, and

Philadelphia has not shown that a Court-imposed realignment of the parties to create diversity is either legally required or practical under these circumstances.

**Conclusion**

For the foregoing reasons, Plaintiffs' Motion to Remand this action to the Rhode Island Superior Court (Document No. 12) is GRANTED.

/s/ Lincoln D. Almond
LINCOLN D. ALMOND
United States Magistrate Judge
May 9, 2013