UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF RHODE ISLAND

PEERLESS INSURANCE COMPANY and
JOSEPH JOYAL,

        Plaintiffs,

v.                                                                                  C.A. No. 12-906-ML

PHILADELPHIA INSURANCE COMPANY,
MANVILLE SPORTSMEN'S ROD & GUN
CLUB, and MARCEL DESMET,

        Defendants.

**MEMORANDUM AND ORDER**

This matter is before the Court on Defendant's, Philadelphia Insurance Company ("Philadelphia"), appeal of an order of the Magistrate Judge remanding the case to Rhode Island Superior Court. For the reasons set forth below, the Magistrate Judge's order is affirmed and the appeal is dismissed.

I.  Background

The facts are largely undisputed. This matter arises out of an insurance coverage dispute stemming from a trapshooting accident at Manville Sportsmen's Rod & Gun Club ("Club") involving Joseph Joyal ("Joyal") and Michael DeRita ("DeRita"). DeRita alleges that he was injured when a metal object exited Joyal's firearm and struck DeRita in the head. At the time of the incident, both Joyal and DeRita were members of the Club. DeRita instituted a lawsuit against Joyal, the Club, and Marcel Desmet ("Desmet"), another member of the Club, in Rhode Island Superior Court ("DeRita lawsuit"). At the time of the incident, Philadelphia insured the

Club pursuant to a commercial general liability insurance policy.

Peerless Insurance Company ("Peerless") is defending Joyal in the DeRita lawsuit pursuant to Joyal's homeowner's insurance policy.  The Philadelphia policy, however, provides that Club members are additional insureds.  Peerless made a demand for defense and indemnification to Philadelphia, on behalf of Joyal, as an additional insured.  Philadelphia, however, determined that Joyal was not an additional insured under the insurance policy and refused to defend and indemnify Joyal in the DeRita lawsuit.

The instant matter involves a declaratory judgment action filed in Rhode Island Superior Court by Peerless and Joyal against Philadelphia, the Club, and Desmet.  The two-count complaint seeks a declaration that (1) Joyal is entitled to a defense and indemnity from Philadelphia, and (2) the Philadelphia policy, and not the Peerless policy, is the primary insurance in the DeRita lawsuit.  Joyal is a resident of Rhode Island and Peerless is a foreign corporation with its principal place of business in New Hampshire.  Philadelphia is a foreign corporation with its principal place of business in Pennsylvania; the Club has its principal place of business in Rhode Island, and Desmet is a resident of Rhode Island.  Thus, on its face, the complaint was not removable because Joyal is a Rhode Island resident and two Rhode Island residents, the Club and Desmet, were named as defendants.  Philadelphia, however, removed the action alleging that the Club and Desmet were fraudulently joined to defeat diversity jurisdiction. Plaintiffs then timely filed a motion to remand.

In granting Plaintiffs' motion to remand, the Magistrate Judge determined that Philadelphia failed to carry its burden of establishing fraudulent joinder.  In addition, the Magistrate Judge rejected Philadelphia's argument that the Club and Desmet should be realigned

as Plaintiffs.  Philadelphia now challenges the Magistrate Judge's rulings.

## II.  Standard of Review

This Court has the authority to review the Magistrate Judge's ruling pursuant to Fed. R. Civ. P. 72.  When considering an appeal of a Magistrate Judge's ruling on a nondispositive matter, the Court employs the clearly erroneous or contrary to law standard of review; on a dispositive matter, the Court considers the ruling de novo.  Blue Cross and Blue Shield of Rhode Island v. Korsen, 746 F. Supp. 2d 375 (D.R.I. 2010).  The First Circuit has not yet addressed the question of whether a ruling on a motion to remand is a dispositive or a nondispositive matter.  Id.  However, a judge in this District has determined that a motion to remand is a nondispositive matter.  Id.

The parties here agree that the proper standard of review is clearly erroneous or contrary to law.  Because the parties "acquiesce[]" in the standard of review the Court should employ, the court need not explicate further on the standard of review question.  Lancellotti v. Fay, 909 F.2d 15, 17 n.2 (1st Cir. 1990); see also Hopkins v. Buffalo Pumps, Inc., C.A. No. 09-181 S, 2009 WL 4496053 (D.R.I. Dec. 1, 2009).  "A determination is 'clearly erroneous' when, although there is evidence to support it, the court, after reviewing all the evidence, is left with the definite and firm conviction that the magistrate judge made a mistake."  Harvard Pilgrim Health Care of New England v. Thompson, 318 F. Supp. 2d 1, 6 (D.R.I. 2004).

## III.  Analysis

Philadelphia argues that the Magistrate Judge's conclusion that it failed to carry its burden of establishing fraudulent joinder is contrary to law.  Philadelphia contends that the Club and Desmet have no interest in the declaratory judgment action because the complaint does not

3

contain any allegations against, nor a declaration of rights pertaining to, the Club or Desmet. Thus, Philadelphia argues, Plaintiffs cannot establish a cause of action against the non-diverse defendants. Philadelphia concludes that the sole dispute in this matter is between Joyal and Philadelphia only, two completely diverse parties.

Fraudulent joinder describes any improper joinder; a defendant need not prove that a plaintiff intended to deceive or mislead. Lawrence Builders, Inc. v. Kolonder, 414 F. Supp. 2d 134 (D.R.I. 2006). The central question or "linchpin of the fraudulent joinder analysis is whether the joinder of the non-diverse party has a reasonable basis in law and fact." Id. at 137 (internal quotation marks and citation omitted); see also Arriaga v. New England Gas Co., 483 F. Supp. 2d 177, 184 (D.R.I. 2007) ("the relevant inquiry is whether there is a sufficiently reasonable basis for the claim to preclude a finding that joinder amounts to nothing more than a means to prevent removal"). In determining whether joinder is fraudulent, the Court resolves all factual and legal ambiguities in favor of the plaintiff. Rodrigues v. Genlyte Thomas Group LLC, 392 F. Supp. 2d 102 (D. Mass. 2005). Courts have imposed a "heavy burden" on defendants alleging fraudulent joinder. Bonilla-Perez v. Citibank NA, Inc., 892 F. Supp. 2d 361, 364 (D.P.R. 2012); Arriaga, 483 F. Supp. 2d at 182. Moreover, removal and diversity jurisdiction statutes are strictly construed against federal jurisdiction and any doubts concerning the Court's jurisdiction should be resolved against removal and in favor of remand. Rodrigues, 392 F. Supp. 2d at 108.

The Rhode Island Uniform Declaratory Judgments Act ("Act") provides that when "declaratory relief is sought, all persons shall be made parties who have or claim any interest which would be affected by the declaration, and no declaration shall prejudice the rights of persons not parties to the proceeding." R.I. Gen. Laws § 9-30-11 (emphasis added). One of the

"primary purposes of the Declaratory Judgments Act is to facilitate the termination of controversies," thus, failure "to join all persons who have an interest that would be affected by the declaration ordinarily is fatal to the action." Thompson v. Town Council of Westerly, 487 A.2d 498, 499 (R.I. 1985) (failure to join interested party warrants dismissal); see also Meyer v. City of Newport, 844 A.2d 148, 152 (R.I. 2004) ("[a] court may not assume subject-matter jurisdiction over a declaratory judgment action when a plaintiff fails to join all those necessary and indispensable parties who have an actual an essential interest that would be affected by the declaration[]") (internal quotation marks and citation omitted); Langton v. Demers, 423 A.2d 1149, 1150 (R.I. 1980) (because plaintiff failed to join a party who had an interest in an action pursuant to § 9-30-11 "[a]ny declaratory judgment . . . would have no binding effect" on the unjoined interested party and "[u]nder the[] circumstances plaintiff is foreclosed from seeking declaratory relief[]").

As noted above, the Act mandates that a plaintiff "shall" join parties that "have or claim any interest which would be affected by the declaration . . . ." R.I. Gen. Laws § 9-30-11.  There is a finite amount of insurance available under the Philadelphia policy. See generally State ex rel. Herbert v. Standard Oil Co., 138 Ohio St. 376, 35 N.E. 2d 437 (1941) (an insurance policy is a contract which obligates the insurer to indemnify the insured from certain risks, generally for a finite amount of money). Thus, each dollar spent to resolve one claim results in one dollar less being available for another claim. Both the Club (as the named insured) and Desmet (as a potential additional insured) have an interest in maximizing the amount of insurance coverage available to them under the policy. See PW Shoe Lofts, LP v. State Auto Property and Casualty Insurance Co., No.4:10CV02241 AGF, 2011 WL 2295068 (E.D. Mo. June 7, 2011) (in an

5

insurance coverage matter, the court held that an additional insured was an interested party under the Missouri Declaratory Judgment Act). Moreover, had Plaintiffs not joined the Club and Desmet, any "declaratory judgment . . . would have no binding effect" on the Club and Desmet. Langton, 423 A.2d at 1150.

Philadelphia contends that the Club and Desmet have no interest in this matter because the declaratory judgment complaint does not contain any allegations against, nor do Plaintiffs seek any relief from, the non-diverse Defendants. Philadelphia, however, turns a blind eye to the ramifications, discussed above, of the Rhode Island Uniform Declaratory Judgments Act, and the non-diverse parties' "actual and essential interest" in the declaratory judgment action. Meyer, 844 A.2d at 152 (internal quotation marks and citation omitted); see also PW Shoe Lofts, LP, 2011 WL 2295068. In addition, the Court has reviewed the declaratory judgment complaint and concludes that the complaint sufficiently "implicat[es] . . . the rights or interests" of the non-diverse defendants. Lawrence Builders, 414 F. Supp. at 138. Joinder of the non-diverse defendants surely has a reasonable basis in law and fact. See id.

Philadelphia next challenges the Magistrate's rejection of its realignment argument. Philadelphia argues that the Magistrate Judge erred when he did not realign the parties. Philadelphia argues that, in realigning the parties, the Court should look to Philadelphia's position that there is no coverage for Joyal in the DeRita lawsuit, and then realign the parties based upon whether or not the party's position is consistent or inconsistent with Philadelphia's "no coverage" position. Philadelphia concludes that because the Club's and Desmet's interests are clearly adverse to Philadelphia's interests, the non-diverse parties should be realigned as plaintiffs in this action.

In determining the alignment of parties for jurisdictional purposes, courts "have a duty to look beyond the pleadings and arrange the parties according to their sides of the dispute." Langone v. Flint Ink North America Corp., 231 F.R.D. 114, 116 (D. Mass. 2005) (internal quotation marks and citation omitted). In deciding whether realignment of the parties is necessary, the Court's task is to determine "the primary and controlling matter in dispute . . . and then determine whether any actual collision in interest remains." U.S.I. Properties v. M.D. Construction Co., Inc., 860 F.2d 1, 4 (1st Cir. 1988) (internal quotation marks and citation omitted). "Opposing parties must have a collision of interests over the principal purpose of the suit." Langone, 231 F.R.D. at 116 (internal quotation marks and citation omitted). Realignment should occur when no actual or substantial controversy exists between a party and an opponent. In re San Juan Dupont Plaza Hotel Fire Litigation, 802 F. Supp. 624 (D.P.R. 1992), aff'd, 989 F.2d 36 (1st Cir. 1993).

The primary and controlling matter in this dispute is whether Philadelphia is obligated to defend and indemnify Joyal and whether Philadelphia's coverage is primary or secondary to Peerless' coverage. Philadelphia does not dispute that a collision of interest exists between it and Plaintiffs. However, because there is only a finite amount of insurance available under the Philadelphia policy, the Club, as the named insured, and Joyal, as a potential additional insured, have a collision of interests as they both seek to have the maximum amount of insurance proceeds available to them. In fact, Philadelphia admits that the Club "has an interest in being protected by [Philadelphia] to the full extent of [the policy] limits." Philadelphia's Memorandum of Law at 5; Docket # 28. In a similar vein, Desmet and Joyal also have a collision of interests in seeking the maximum coverage amount under the insurance policy as

potential additional insureds.  The Magistrate Judge did not err in rejecting Philadelphia's argument that the Club and Desmet should be realigned as plaintiffs.

Philadelphia also contends that there is "nothing to prevent the Court [from] considering Desmet and [the Club as] interested third parties, for jurisdictional purposes . . . ."  Id.  This argument was not raised before the Magistrate Judge; as such, it is not properly before the Court.  Bordern v. Secretary of Health and Human Services, 836 F.2d 4 (1st Cir. 1987) (per curiam).

### IV.  Conclusion

Philadelphia has not convinced the Court that the Magistrate Judge's order is clearly erroneous or contrary to law.  For the reasons stated herein, the decision of the Magistrate Judge is affirmed.  Philadelphia's appeal is dismissed.


SO ORDERED

/s/ Mary M. Lisi
Mary M. Lisi
Chief United States District Judge
July 31, 2013.